**Douglas BROWN Plaintiff,**

v.

**GENERAL ALUM NEW ENGLAND CORP., et al.  Defendants.**

**No.  CV–03–128–B–W.**

United States District Court,
D. Maine.

March 9, 2004.

---

Douglas G Brown, Belfast, ME, Pro se.

Neal F. Pratt, Verrill & Dana, Portland, ME, for General Alum and Chemical Inc., Defendants.

## ORDER GRANTING DEFENDANT GENERAL ALUM NEW ENGLAND CORP.'S MOTION TO DISMISS AND ORDER TO SHOW CAUSE

WOODCOCK, District Judge.

■ Plaintiff Douglas Brown, a former employee of General Alum New England Corp. (General Alum) and a member of Local 650 of the International Chemical Workers Union Council, United Food and Commercial Workers Union (Union),[1] has agreed to the dismissal of his claims against General Alum, since they are preempted by the Labor Management Relations Act (LMRA) and barred by the Act's six month statute of limitations. This Court grants the motion to dismiss and orders Plaintiff to show cause as to why his Complaint against the Union should not be dismissed on the same grounds.

On June 30, 2003, Plaintiff Brown filed a Complaint *pro se* in the Waldo County Superior Court against both General Alum and the Union, containing five counts, alleging breach of contract, breach of fiduciary responsibility, fraud, negligent misrepresentation, and conspiracy. General Alum filed a notice of removal on August 1, 2003 and on September 9, 2003, filed a motion to dismiss. On September 26, 2003, Plaintiff filed a response to the motion to dismiss, effectively consenting to the dismissal of General Alum. *Pl.'s Motion to Withdraw All Complaints With Prejudice Against Defendant General Alum New England Corp.* at 4 ("the Plaintiff moves this honorable Court for leave to amend his Complaint by dropping all charges against Defendant General Alum New England Corp.").

■ The basis of General Alum's motion to dismiss is that Plaintiff's claims are preempted by the Labor Management Relations Act (LMRA) and time-barred by section 10(b) of the LMRA. 29 U.S.C. §§ 185,[2] 160(b).[3] *DelCostello v. Interna-*

---

1. On August 1, 2003, General Alum filed with this Court a Notice of Removal to which the Union, through its attorney, consented. (Docket No. 2 ¶ 4.) On August 5, 2003, after the case had been removed, the state superior court granted the Union's then pending Motion for Dismissal. *Brown v. General Alum,* CV–2003–26 (Waldo Cty., Aug. 5, 2003) (Atwood, J.). By August 5th, however, the Maine Superior Court no longer retained jurisdiction over this action, thus rendering the dismissal moot. The Union, therefore, remains a defendant for purposes of this Motion.

2. 29 U.S.C. § 185 provides as follows:
   Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

3. 29 U.S.C. § 160(b)(LMRA § 10(b)) provides in pertinent part as follows:
   *Provided* .... no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against who such charge is made....

*tional Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Arriaga–Zayas v. International Ladies' Garment Workers' Union–Puerto Rico Council,* 835 F.2d 11 (1st Cir.1987). The preemption and statute of limitations provisions of the LMRA apply with equal force to the Union. *Id.* at 155, 103 S.Ct. 2281. ("We conclude that section 10(b) should be the applicable statute of limitations governing the suit, both against the employer and against the union."). If Plaintiff agrees his claims may not proceed against General Alum, the conclusion is inevitable he may not proceed for the same reasons against the Union. Upon Defendant General Alum New England Corp.'s Motion to Dismiss and without objection by Plaintiff Douglas Brown, this Court GRANTS Defendant's Motion to Dismiss with prejudice. Further, this Court orders Plaintiff Douglas Brown to show cause within twenty days of the date of this Order why the Complaint should not be dismissed with prejudice against Local 650 International Chemical Workers Union Council, United Food and Commercial Workers Union. The failure to comply with this Order will result in the dismissal of the Complaint with prejudice against Local 650 International Chemical Workers Union Council, United Food and Commercial Workers Union.